Entered on Docket
December 2, 2024
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: December 2, 2024

_M. Elaine Hammond_

_____

**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 24-51018 MEH |
| | ) |
| JOHN JEFFERSON VITALICH, | ) Chapter 11 |
| | ) |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |

### ORDER DENYING EX PARTE APPLICATION FOR TRO

Plaintiff and Debtor John Jefferson Vitalich filed a Chapter 7 bankruptcy case on July 1, 2024, the day prior to a scheduled trustee's sale. On November 8, 2024, this case was converted to one under Chapter 11.

**Vitalich's Bankruptcy Case**

At the outset of a Chapter 7 bankruptcy case, individual debtors are required to complete a Summary of Assets and Liabilities, Statement of Financial Affairs (SOFA), and Schedules A-J. These documents identify assets, liabilities, exempt property, and secured and unsecured assets, in addition to other information.

Vitalich stated in the statement of intent that he intended to sell or refinance the real property in the bankruptcy case.

Secured Creditor, 1Sharpe Holdings, LLC ("1Sharpe"), filed a motion for relief from stay pursuant to 11 U.S.C. §362(d)(1), for cause, including the lack of adequate protection of

**UNITED STATES BANKRUPTCY COURT for the Northern District of California**

1  an interest in property of a party interest.  The stay relief motion came on for hearing on

2  September 12, 2024.

3       Vitalich participated in the hearing where I explained there were no grounds to deny

4  the request for stay relief as Vitalich was not proposing to make adequate protection payments

5  to 1Sharpe and no evidence was presented that Vitalich had equity in the property.

6       At the hearing, 1Sharpe proposed an accommodation to Vitalich whereby the court

7  would grant relief from stay, provided that no non-judicial foreclosure sale would occur prior

8  to November 15, 2024.  This provided Vitalich with approximately 60 days to either sell the

9  real property or refinance the debt owed to 1Sharpe.  There would be no stay as of November

10  15, 2024, and 1Sharpe would be allowed to proceed with the foreclosure.  It was discussed at

11  the hearing that if Vitalich was unable to sell the property or refinance the senior debt a

12  foreclosure sale would then occur shortly thereafter.

13  **Referral of Bankruptcy Case**

14       On November 14, 2024, Vitalich filed a Complaint and Emergency *Ex Parte*

15  Application for a Temporary Restraining Order ("TRO Application") in the District Court for

16  the Northern District of California.  The TRO Application did not reference a prior

17  Bankruptcy Court Order granting relief from stay as of November 15, 2024, nor the on-going

18  proceedings in Vitalich's bankruptcy case.

19       Upon review of the pleadings and pursuant to General Order No. 24 (1.01), District

20  Judge Haywood S. Gilliam referred the TRO Application to Bankruptcy Judge M. Elaine

21  Hammond as the Bankruptcy Court has issued several orders in this case.  Judge Gilliam

22  entered a briefing schedule (Dkt. #15) prior to the referral of the District Court case to the

23  Bankruptcy Court.  The matter has been fully briefed.  Therefore, the TRO Application will

24  not be treated as an *ex parte* matter.  Further, I find the TRO appropriate for resolution on the

25  pleadings.

26

27

28

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

## Legal Standard

In order to obtain a TRO, a movant must establish four factors:

(1) A likelihood of success on the merits,
(2) A risk of irreparable harm absent injunctive relief,
(3) That the balance of equities tips in favor of injunctive relief, and
(4) That injunctive relief is in the public interest.

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 28 (2008).

Additionally, the Ninth Circuit employs a "serious questions" test whereby a movant seeking a stay "must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the [movant']s favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011).

The Plaintiff bears the burden of proof on each of these factors. Each factor is applied below.

### (1) **Vitalich is not likely to succeed on the merits**

In Vitalich's Complaint, he asserts five grounds for relief:

(1) Violation of Civil Code § 1671,
(2) Violation of Fair Debt Collection Practices ("FDCPA"),
(3) Violation of Civil Code § 1788.13,
(4) Violation of Cal. Civ. Code § 1788.13, and
(5) Violation of Business and Professional Code § 17200 *et seq.*

Vitalich is highly unlikely to succeed on the merits on the claims he seeks to pursue. As required at the outset of the Bankruptcy Case, Vitalich completed Official Form 106 A/B, identifying assets that are property of the estate upon the filing of the bankruptcy petition.

Vitalich's response to two of the questions on Schedule A/B are applicable to the request for TRO:

"**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment.** *Examples* include rights to sue." Vitalich checked the box indicating that he did NOT have any claims against third parties.

3

1    "**34. Other contingent and unliquidated claims of every nature, including**

2    **counterclaims of the debtor and rights to set off claims**." Again, Vitalich checked the box

3    indicating that he did NOT have other contingent and liquidated claims.

4    These responses were signed by Vitalich under penalty of perjury on July 24, 2024.

5    As such, Vitalich disavowed at the outset of his bankruptcy case claims he expressly seeks to

6    assert now.

7    **(2) Vitalich has not established a risk of irreparable harm absent injunctive relief**

8    1Sharpe is the Note holder and beneficiary of the Deed of Trust that is the subject of

9    this action. The loan was a short-term loan that matured on October 1, 2022. No payments

10    have been made since August 2022.

11    Vitalich asserted in the statement of interest he provided in the bankruptcy case that

12    his intention was to sell or refinance the real property during his bankruptcy case. Vitalich's

13    willingness to sell the property establishes that a claim for damages would provide sufficient

14    relief.

15    Under California law, a party does not suffer "irreparable harm" when that harm

16    simply results from the express terms of [the] contract." *Epic Games, Inc. v. Apple Inc.*, 493

17    F. Supp. 3d 817, 845 (N.D. Cal. 2020). Accordingly, Vitalich has not established irreparable

18    harm.

19    **(3) The balance of equities weighs against injunctive relief**

20    The TRO Application did not reference the Bankruptcy Court Order granting relief

21    from stay as of November 15, 2024, nor the on-going proceedings in Vitalich's bankruptcy

22    case.

23    Instead of filing a complaint and TRO before the District Court, Vitalich should have

24    filed an adversary proceeding, complaint, and TRO within Vitalich's bankruptcy case.

25    During six months in the bankruptcy case, Debtor did not assert the claims now pled while

26    before the bankruptcy court.

27

28

4

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

1       This leads to a concern that Vitalich engaged in forum shopping in an attempt to avoid

2   the bankruptcy court order authorizing a foreclosure sale to go forward as of November 15,

3   2024.  As such, the balance of equities weighs against Vitalich's request for a TRO.

4       **(4) <u>Injunctive relief is not in the public interest</u>**

5       The public interest weighs in favor of denying the TRO "when there demonstrably is

6   no valid basis under the Bankruptcy Code to continue staying [the creditor's] right to proceed

7   with a foreclosure sale."  *In re Farwell*, No. 14-10126, 2015 WL 9438479, *5 (Bankr. D. Md.

8   2015).

9       Vitalich has not made a payment since August 1, 2022.  Denying the TRO would

10  allow 1Sharpe to exercise its legitimate rights under bankruptcy law and would return the

11  property at issue to productive use.

12      **(5) <u>Vitalich has not made a showing of "serious questions"</u>**

13      Finally, there are no "serious questions" in this case because (a) there is not a strong

14  likelihood of success on the merits and public interest weighs heavily against a stay, and (b)

15  there is not a substantial case on the merits and the balance of hardship's does not tip sharply

16  in Vitalich's favor.

17      Here, the Bankruptcy Court has already granted 1Sharpe's motion for relief from stay

18  on September 25, 2024.  Rather than filing a complaint and TRO before the District Court,

19  Vitalich should have filed a filed a complaint in an adversary proceeding within the

20  bankruptcy case Vitalich filed six months ago.

21      For the reasons stated, Vitalich's request for a TRO is DENIED, and consistent with

22  the order in the bankruptcy case, the foreclosure sale may proceed without further delay.

23  IT IS SO ORDERED.

24               **\*\*END OF ORDER\*\***

25

26

27

28

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT SERVICE LIST

John Jefferson Vitalich

601 Belavida Road

Monterey, CA 93940

**Via ECF:**

All ECF Recipients

# Notice Recipients

District/Off: 0971–5            User: admin                    Date Created: 12/2/2024
Case: 24–51018                 Form ID: pdfeoc                 Total: 1

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db         John Jefferson Vitalich        601 Belavida Road        Monterey, CA 93940

TOTAL: 1